# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 16-3474

———————————————

Robert Bonczek

*Plaintiff - Appellant*

v.

Board of Trustees National Roofing Industry Pension Plan; Zenith Administrators,
third-party administrative manager

*Defendants - Appellees*

————————

Appeal from United States District Court
for the District of Minnesota - Minneapolis

————————

Submitted: April 27, 2017
Filed: May 2, 2017
[Unpublished]

————————

Before GRUENDER, ARNOLD, and BENTON, Circuit Judges.

————————

PER CURIAM.

Robert Bonczek appeals the district court's[1] adverse grant of summary judgment in his action under the Employment Retirement Income Security Act, in

———

[1] The Honorable John R. Tunheim, Chief Judge, United States District Court for the District of Minnesota.

which he challenged a decision on the amount and type of retirement benefits to which he was entitled under a pension plan. We conclude summary judgment was proper, as our review of the record convinces us that the determinations Mr. Bonczek is challenging here did not amount to an amendment to the pension plan, or an abuse of the discretion afforded to defendants under that plan. See Manning v. Am. Republic Ins. Co., 604 F.3d 1030, 1038 (8th Cir. 2010) (reviewing de novo grant of summary judgment regarding ERISA plan administrator's benefits determination; viewing evidence and all reasonable inferences from it in light most favorable to nonmovant).[2] Because Mr. Bonczek was not entitled to any relief, the district court did not abuse its discretion in denying leave to amend his requested relief. See Hammer v. City of Osage Beach, 318 F.3d 832, 844 (8th Cir. 2003). The judgment of the district court is affirmed. See 8th Cir. R. 47B.

———————————————————

_____

[2]Mr. Bonczek does not contest the district court's determination that the pension plan expressly invoked the abuse-of-discretion standard; and thus, like the district court, this court must uphold the decision if it is supported by substantial evidence and based on a reasonable interpretation of the pension plan. See Ingram v. Terminal R.R. Ass'n of St. Louis Pension Plan for Nonschedule Emps., 812 F.3d 628, 634 (8th Cir. 2016).